## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK ALFIERI. ET AL** | : | |
| | : | **CIVIL ACTION NO.:** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| | : | |
| **ERIC WINK, ET AL** | : | |
| | : | |
| **Defendants.** | : | |

### NOTICE OF REMOVAL OF ACTION

Defendants, Sysco Leasing, LLC, and Eric Wink, by and through their attorneys, Rawle & Henderson LLP, respectfully aver as follows:

1.      Plaintiffs initiated this action by filing a Writ of Summons on or about June 30, 2017, in the Philadelphia County, Court of Common Pleas. See, a true and correct copy of the Complaint attached hereto as Exhibit "A".

2.      Defendant, Eric Wink, received the Writ of Summons no earlier than July 12, 2017.

3.      Defendants filed a Rule to File Complaint on or about July 14, 2017.

4.      On or about August 1, 2017, plaintiffs filed their Complaint. See Ex. A.

5.      According to the Complaint, plaintiffs are residents and citizens of Pennsylvania. See Ex. A at ¶¶1 and 2.

6.      Defendant, Sysco Leasing, LLC is a Delaware Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business in Houston, Texas.

7.      Sysco Leasing, LLC has two members, Russell T. Libby and Carmen Ng, who are

1

business in Houston, Texas.

7.      Sysco Leasing, LLC has two members, Russell T. Libby and Carmen Ng, who are residents and citizens of the State of Texas.

8.      Defendant, Eric Wink aka Eric J. Wink aka Eric Johnson Wink aka Wink E. Johnson (hereinafter referred to as "Eric Wink"), is a resident and citizen of Delaware.

9.      Plaintiffs served their Complaint on Defendant, Sysco Leasing, LLC, by personal service upon Corporation Service Company, as registered agent, on July 28, 2017. See a true and correct copy of the Affidavit of Service attached hereto as Exhibit "B".

10.     According to the allegations of the Complaint, this action arises out of a September 17, 2015 motor vehicle accident wherein the Plaintiff allegedly sustained injuries. See, Ex. A at ¶8.

11.     The Complaint was the first pleading, motion, order or other paper from which it was ascertainable that the case was one which was removable.

12.     Thus, this Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b).

13.     The citizenship of Plaintiffs and Defendants are diverse within the meaning of 28 U.S.C. §1332 in that:

    a)      Plaintiffs are residents and citizens of the Commonwealth of Pennsylvania. According to the Complaint, Plaintiffs reside at 512 Ridley Circle, Morton, Pennsylvania 19070.

    b)      At all times material hereto, Sysco Leasing, LLC, is and was a business entity and citizen of the state of Delaware having its principal place of business at 1390 Enclave Parkway, Houston, Texas 77077.

10734868-1

c)      At all times material hereto, the members of Sysco Leasing, LLC, Russell T. Libby and Carmen Ng, are and were residents and citizens of Texas.

d)      At all times material hereto, Eric Wink is and was a resident and citizen of Delaware.  He resides at 800 Pecan Avenue, Milford, Delaware 19963.

14.    The reasonable value of the amount in controversy exceeds $75,000, exclusive of interest and costs in that:

a)      Based upon the fair reading of the Complaint, Plaintiffs have attempted to set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

b) In the Complaint, Plaintiff demand damages "in an amount in excess $50,000 (Fifty Thousand Dollars)." Therefore, Plaintiffs' demand exceeds $50,000.

d) The court must make an independent appraisal of the claim and "after a generous reading of the complaint, arrive at the reasonable value of the rights being litigated" because the complaint does not contain a demand for an exact monetary amount. Casandra Johnson v. COSTCO Wholesale, Civil Action No. 99-CV-3576, United States District Court, E.D. Pennsylvania (September 22, 1999) (citing, Feldman v. New York Life Insurance, No. CIV. A. 97-4684, 1998 WL 94800, at 4 (E.D.Pa. Mar. 4, 1998); also see, Angus v. Shiley, Inc., 989 F.2d 142 at 146 (3rd Cir. 1993).

e)   The Court's appraisal of the claim must include "the reasonable value of potential compensatory as well as punitive damages." Id., (citing, Angus, 989 F.2d at 145-46.

3

f)   The court also may look to the Notice of Removal to assess the reasonable value of the amount in controversy. Id., (citing, Mangano v. Helina, No. CIV. A. 97-1678, 1997 WL 697952, at 5 (E.D.Pa. Nov. 3, 1997).

g)   The Complaint alleges that Plaintiff, Mark Alfieri, sustained the following injuries and damages as a result of the motor vehicle accident at issue herein:

12. …suffered severe and painful injuries to the head, neck, back, left shoulder, left arm, and left elbow, including but not limited to: midline/left paramedian disc protrusions at C2-C3 and C4-05, broad based disc protrusions at C3-C4, C5-C6 and C6-C7, disc bulge at C7-T1, left C6 and C7 radiculopathies, suprascapular radiculopathy, posttraumatic headaches, cervical facet syndrome, synovitis of the left elbow, and lateral epicondylitis of the left elbow, some or all of which may be permanent in nature and may extend for an indefinite time into the future.

13. As a result of the aforesaid injuries, Plaintiff underwent surgery on March 7, 2016, in the form of arthroscopy of the left elbow with debridement and synovectomy, and an open tennis elbow release of the left elbow.

14. As a result of the aforesaid, Plaintiff has undergone great physical pain and mental anguish and he will continue to endure same, for an indefinite time into the future to his great detriment and loss.

15. As a result of the aforesaid, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to same for an indefinite time into the future to his great detriment and loss.

16. As a further result of the aforesaid, Plaintiff has been obliged to receive and undergo medical attention and care and to incur various expenses for the same and may be obliged to continue to undergo such medical care and to incur such medical expenses for an indefinite time into the future.

17. As a further result of the aforesaid, Plaintiff has been prevented from and hindered in performing his customary duties, occupations, and activities, and he has been unable to enjoy the pleasures of life, all of which may continue for an indefinite time in the future.

<u>See</u>, Ex. A at ¶¶ 12-17.

13.     Based on the diversity of the parties and the reasonable value of the amount in controversy, this action satisfies the requirements for removal set forth in 28 U.S.C. §1332.

14.     The undersigned has been retained as counsel for all Defendants and they consent to removal.

WHEREFORE, Defendants pray that the above action now pending against it in Court of Common Pleas of Philadelphia County, be removed therefrom to this Honorable Court.

RAWLE & HENDERSON LLP

By: _____
Sonia Di Valerio
Attorneys for Defendants
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

Date:  August 9, 2017.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned

Notice of Removal of Action was served via first-class mail, postage prepaid, on counsel for

Plaintiff at the following address:

> AIVAZOGLOU & MIKROPOULOS LLC
> BY: John A. Aivazoglou, Esquire
> Attorney PA I.D.: 62240
> 1425 Chester Pike
> Eddystone, PA 19022
> *Attorneys for Plaintiffs*

RAWLE & HENDERSON LLP

Sonia Di Valerio

Dated:  August 9, 2017.

# EXHIBIT "A"

10734868-1

**AIVAZOGLOU & MIKROPOULOS LLC**
BY: John A. Aivazoglou, Esquire
Attorney I.D.: 62240
1425 Chester Pike
Eddystone, PA 19022
(610) 876-8880                                            Attorney for Plaintiffs

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY, PENNSYLVANIA**

| | |
|---|---|
| MARK ALFIERI, et al. | CIVIL ACTION – LAW |
| Plaintiffs, | DOCKET NO.: 003607 |
| v. | TERM: JUNE 2017 |
| ERIC WINK, et al. | MAJOR JURY TRIAL |
| Defendants. | |

**CIVIL ACTION COMPLAINT**

1.   Plaintiff, Mark Alfieri, is a citizen and resident of the Commonwealth of Pennsylvania,

     residing therein at 512 Ridley Circle, Morton, PA 19070.

2.   Plaintiff, Treasa Alfieri, is the lawful and bona fide spouse of Plaintiff, Mark Alfieri, and

     is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 512

     Ridley Circle, Morton, PA 19070.

3.   Defendant, Eric Wink a/k/a Eric J. Wink a/k/a Eric Johnson Wink a/k/a Wink E. Johnson

     (hereinafter referred to as Eric Wink) is a citizen and resident of the State of Delaware,

     residing therein at 800 Pecan Avenue, Milford, DE 19963.

4.   Defendant, Sysco Leasing, LLC is believed to be a corporation, company, partnership or

     fictitious name registration engaging in the business of selling, marketing, and

     distributing food products to restaurants, healthcare, and educational facilities, and all

related services, with a registered office located at c/o Corporation Service Company

2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

5.     Venue is proper as all events giving rise to this cause of action occurred within the

County of Philadelphia in the Commonwealth of Pennsylvania.

6.     At all times material hereto, Plaintiff, Mark Alfieri was the operator of a 2012 Dodge

Truck (Pennsylvania Plate No. ZCX5079), which was then and there owned, insured,

and/or leased by his employer, Verizon Services Corp.

7.     At all times material hereto, Defendant, Sysco Leasing LLC was the owner, insurer,

lessor, and/or party that had an ownership, right, title, lease, and/or interest in a 2004

MCK Truck (Indiana License Plate No. 2208946) which was then and there being

operated by Defendant, Eric Wink.

8.     On or about September 17, 2015, at or around 8:15 a.m., Plaintiff, Mark Alfieri was

stopped at a red traffic light on 26th Street, Philadelphia, PA, when Defendant, Eric Wink,

suddenly and violently struck Plaintiff's vehicle in the rear, causing significant and

painful injuries to the Plaintiff, as set forth herein below at length.

9.     The aforesaid occurrence was due entirely to the carelessness, gross negligence,

recklessness and negligence of Defendants, Eric Wink and Sysco Leasing LLC.

10.    The accident, injuries, and damages sustained by the Plaintiff, Mark Alfieri, were caused

by the carelessness, gross negligence, recklessness, and/or negligence of the Defendants

generally and in the following and particular respects that they:

    a.   Failed to regard the rights and safety of Plaintiff at point aforesaid;

    b.   Failed to have said motor vehicle under proper and adequate control;

c. Operated said motor vehicle at a high and excessive rate of speed under the circumstances;

d. Failed to pay attention;

e. Failed to make appropriate observations of traffic;

f. Failed to slow, stop, swerve, or take other appropriate evasive action to avoid a motor vehicle collision;

g. Collided with a vehicle that was lawfully upon the roadway;

h. Operated the vehicle in careless disregard for the safety of others in violation of 75 Pa.C.S.A. §3714;

i. Acted in otherwise negligent, careless, and reckless manner without due regard and caution under the circumstances;

j. Failed to operate and drive a vehicle cautiously and reasonably while in traffic;

k. Violated other Acts of the General Assembly of the Commonwealth of Pennsylvania, as well as local ordinances and regulations, concerning the operation of motor vehicle, including the Pennsylvania Motor Vehicle Code;

l. Acted in an otherwise negligent, careless manner under the circumstances;

m. Were negligent at law; and

i. Were negligent per se.

## COUNT I

## PLAINTIFF, MARK ALFIERI v. DEFENDANT, ERIC WINK a/k/a ERIC J. WINK a/k/a ERIC JOHNSON WINK a/k/a WINK E. JOHNSON

### (Negligence- Personal Injuries)

11. Plaintiff, Mark Alfieri, repeats each and every allegation of all preceding paragraphs, with the same force and effect as if set forth herein at length.

12. As a direct and proximate result of the carelessness, gross negligence, recklessness, and negligence of Defendant, Eric Wink, Plaintiff suffered severe and painful injuries to the head, neck, back, left shoulder, left arm, and left elbow, including but not limited to: midline/left paramedian disc protrusions at C2-C3 and C4-C5, broad based disc protrusions at C3-C4, C5-C6 and C6-C7, disc bulge at C7-T1, left C6 and C7 radiculopathies, suprascapular radiculopathy, posttraumatic headaches, cervical facet syndrome, synovitis of the left elbow, and lateral epicondylitis of the left elbow, some or all of which may be permanent in nature and may extend for an indefinite time into the future.

13. As a result of the aforesaid injuries, Plaintiff underwent surgery on March 7, 2016, in the form of arthroscopy of the left elbow with debridement and synovectomy, and an open tennis elbow release of the left elbow.

14. As a result of the aforesaid, Plaintiff has undergone great physical pain and mental anguish and he will continue to endure same, for an indefinite time into the future to his great detriment and loss.

15.    As a result of the aforesaid, Plaintiff has been unable to attend to his usual and daily

duties and occupation, and he will be unable to attend to same for an indefinite time into

the future to his great detriment and loss.

16.    As a further result of the aforesaid, Plaintiff has been obliged to receive and undergo

medical attention and care and to incur various expenses for the same and may be obliged

to continue to undergo such medical care and to incur such medical expenses for an

indefinite time into the future.

17.    As a further result of the aforesaid, Plaintiff has been prevented from and hindered in

performing his customary duties, occupations, and activities, and he has been unable to

enjoy the pleasures of life, all of which may continue for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Mark Alfieri, respectfully demands judgment in his favor and

against Defendant, Eric Wink a/k/a Eric J. Wink a/k/a Eric Johnson Wink a/k/a Wink E. Johnson

in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with court costs, plus

interest, attorneys' fees, and delay damages pursuant to Rule 238 of the Pa.R.C.P., and any other

relief the Court deems appropriate and just under the circumstances.

## COUNT II

## PLAINTIFF, MARK ALFIERI v. DEFENDANT, SYSCO LEASING LLC

### (Respondeat Superior, Agency, Master-Servant)

18.    Plaintiff, Mark Alfieri, repeats each and every allegation of all preceding paragraphs,

with the same force and effect as if set forth herein at length.

19.    At all times material hereto, Defendant, Sysco Leasing LLC, acted by and through its

duly authorized agents, servants, workmen, employees, and/or permissive users acting in

the course and scope of their agency, service, work, employment, and/or permissive use with and on behalf of said Defendant.

20. All acts alleged to have been done, or not done by the Defendant, Sysco Leasing LLC, were done or not done by said Defendant, its agents, servants, workmen, employees, and/or permissive users acting in the course and scope of their agency, service, work, employment and/or permissive use with and on behalf of said Defendant.

21. At all times material hereto, Defendant, Sysco Leasing LLC performed its business in a negligent, careless, grossly negligent, and/or reckless manner, and caused an unreasonable risk of harm to others.

22. As a direct and proximate result of the carelessness, gross negligence, recklessness, and negligence of Defendant, Sysco Leasing LLC, Plaintiff, Mark Alfieri, suffered severe and painful injuries to the head, neck, back, left shoulder, left arm, and left elbow, including but not limited to: midline/left paramedian disc protrusions at C2-C3 and C4-C5, broad based disc protrusions at C3-C4, C5-C6 and C6-C7, disc bulge at C7-T1, left C6 and C7 radiculopathies, suprascapular radiculopathy, posttraumatic headaches, cervical facet syndrome, synovitis of the left elbow, and lateral epicondylitis of the left elbow, some or all of which may be permanent in nature and may extend for an indefinite time into the future.

23. As a result of the aforesaid injuries, Plaintiff underwent surgery on March 7, 2016, in the form of arthroscopy of the left elbow with debridement and synovectomy, and an open tennis elbow release of the left elbow.

24. The negligence of Defendant, Sysco Leasing LLC, and/or its agents, servants, workmen employees, and/or permissive users as aforesaid consisted of:

a)   Failing to regard the rights, safety and position of Plaintiff at the point aforesaid;

b)   Failing to properly train its agents, servants, workmen, employees, and/or permissive users in the safe execution/performance of their duties to avoid personal injury to other individuals;

c)   Failing to maintain proper and adequate control over its vehicle;

d)   Permitting the negligent use of its vehicle;

e)   Failing to properly supervise its agents, servants, workmen, employees, and/or permissive users in the operation of its vehicle;

f)   Otherwise failing to exercise due care under the circumstances;

g)   Being otherwise negligent, careless and reckless under the circumstances; and such other actions and/or omissions by the Defendants constituting negligence, which may be ascertained during the course of discovery or at the trial of this case; and

h)   Is vicariously liable for all of the negligent acts and/or omissions of its agents, servants, workmen, employees, and/or permissive users occurring during the course and scope of their agency, service, work, employment, and/or permissive use.

25.   As a result of the aforesaid, Plaintiff has undergone great physical pain and mental anguish and he will continue to endure same, for an indefinite time into the future to his great detriment and loss.

26.     As a result of the aforesaid, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to same for an indefinite time into the future to his great detriment and loss.

27.     As a further result of the aforesaid, Plaintiff has been obliged to receive and undergo medical attention and care and to incur various expenses for the same and may be obliged to continue to undergo such medical care and to incur such medical expenses for an indefinite time into the future.

28.     As a further result of the aforesaid, Plaintiff has been prevented from and hindered in performing his customary duties, occupations, and activities, and he has been unable to enjoy the pleasures of life, all of which may continue for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Mark Alfieri, respectfully demands judgment in his favor and against Defendant, Sysco Leasing LLC in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with court costs, plus interest, attorneys' fees, and delay damages pursuant to Rule 238 of the Pa.R.C.P., and any other relief the Court deems appropriate and just under the circumstances.

## COUNT III

## PLAINTIFF, TREASA ALFIERI v. DEFENDANTS, ERIC WINK a/k/a ERIC J. WINK a/k/a ERIC JOHNSON WINK a/k/a WINK E. JOHNSON and SYSCO LEASING LLC

### (Loss of Consortium)

29.     Plaintiff, Treasa Alfieri, repeats each and every allegation of all preceding paragraphs with the same force and effect as if set forth herein at length.

30.     Plaintiff, Treasa Alfieri, at the time of this accident, was and currently is the lawful and bona fide spouse of the Plaintiff, Mark Alfieri.

31.   As a direct and proximate result of the carelessness, negligence, gross negligence, outrageous conduct, and/or recklessness of Defendants, and due to the injuries suffered by husband and Plaintiff, Mark Alfieri, Plaintiff, Treasa Alfieri, to her great detriment and loss, has been deprived of the society, consortium, companionship, services, and assistance of her spouse to which she is legally entitled.

32.   As a result of the aforesaid, Plaintiff, Treasa Alfieri has been obliged to expend sums of money for medicine and medical attention in an effort to affect a cure of husband's injuries, and she will be obliged to expend such sums for an indefinite time into the future to her great detriment and loss.

**WHEREFORE**, Plaintiff, Treasa Alfieri, respectfully demands judgment in her favor and against Defendants, Eric Wink a/k/a Eric J. Wink a/k/a Eric Johnson Wink a/k/a Wink E. Johnson and Sysco Leasing LLC in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with court costs, plus interest, attorneys' fees, and delay damages pursuant to Rule 238 of the Pa.R.C.P., and any other relief the Court deems appropriate and just under the circumstances.

Respectfully Submitted,
**AIVAZOGLOU & MIKROPOULOS LLC**


_____
**JOHN A. AIVAZOGLOU, ESQUIRE**

8/1/17
DATE

## **VERIFICATION**

John A. Aivazoglou, Esquire verifies and says that he is an attorney-at-law

in the offices of AIVAZOGLOU & MIKROPOULOS, LLC.; that he is authorized to make this

verification; and, that the facts set forth in the foregoing Civil Action Complaint are true and

correct to the best of his knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to

unsworn falsification to authorities.


_____          _____
DATE                                          JOHN A. AIVAZOGLOU, ESQUIRE

**AIVAZOGLOU & MIKROPOULOS LLC**
BY: John A. Aivazoglou, Esquire
Attorney I.D.: 62240
1425 Chester Pike
Eddystone, PA 19022
(610) 876-8880                                                    Attorney for Plaintiffs

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARK ALFIERI, et al. | CIVIL ACTION – LAW |
| Plaintiffs, | DOCKET NO.: 003607 |
| v. | TERM: JUNE 2017 |
| ERIC WINK, et al. | MAJOR JURY TRIAL |
| Defendants. | |

### CERTIFICATE OF SERVICE

I, John A. Aivazoglou, Esquire, hereby certify that I am serving one (1) copy of

Plaintiffs' Civil Action Compliant to Defendants, Eric Wink, et al. as required by the

Pennsylvania Rules of Civil Procedure, in the manner indicated below:

### VIA FIRST CLASS MAIL TO:

Gary N. Stewart, Esquire
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

Sonia Di Valerio, Esquire
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

**AIVAZOGLOU & MIKROPOULOS LLC**

8/1/17
DATE

**JOHN A. AIVAZOGLOU, ESQUIRE**

# EXHIBIT "B"

10734868-1

# Office of the Sheriff



**Shelley Ruhl**
Real Estate Deputy

**David B. Dowling**
Solicitor

**Jack Duignan**
Chief Deputy

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 780-6557

Nicholas Chimienti Jr.
Sheriff

**Commonwealth of Pennsylvania**              :       MARK ALFIERI AND TREASA ALFIERI
                                                                                        VS

**County of Dauphin**                                     :       SYSCO LEASING, LLC

Sheriff's Return
No. 2017-T-2176
OTHER COUNTY NO. 170603607

And now: JULY 28, 2017 at 11:55:00 AM served the within WRIT OF SUMMONS upon SYSCO

LEASING, LLC by personally handing to LINDSEY BOSS-RUCH (SERVICE SPECIALIST) 1 true

attested copy of the original WRIT OF SUMMONS and making known to him/her the contents thereof

at C/O CSC, 2595 INTERSTATE DRIVE, SUITE 103 HARRISBURG PA 17110

Sworn and subscribed to
before me this 31ST day of July, 2017

**COMMONWEALTH OF PENNSYLVANIA**

NOTARIAL SEAL
Karen M. Hoffman, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires January 8, 2018

So Answers,

Sheriff of Dauphin County, Pa.

By

Deputy Sheriff
Deputy: PAUL R LEGGORE, JR
Sheriff's Costs: $47.25 7/27/2017

Case ID: 170603607

# *Metro Filing Services, Inc.*
317 S. 13th Street
**PHILADELPHIA, PA 19107**
(215) 981 FILE

Philadelphia Association of
Professional Process Servers

**AFFIDAVIT OF SERVICE**



| PLAINTIFF(S) | COURT TERM and NO. | COUNTY |
|---|---|---|
| Mark Alfieri, et. Al. | 17-06-3607 | Philadelphia *Filed and Attested by the Office of Judicial Records 04 AUG 2017 10:31 am Dauphin COTTON County* |

| DEFENDANT(S) | DATE PREPARED |
|---|---|
| Sysco Leasing, LLC. C/o: Corporation Service Company | Jul 20, 2017 |

SERVE AT

2595 Interstate Drive
Ste. 103
Harrisburg, PA 17110

- ☐ Civil Action
- ☑ Summons
- ☐ Writ Of
- ☐ Subpoena
- ☐ Notice of Real Estate Sale
- ☐ Other

COMPANY CONTROL NUMBER
100487

SPECIAL INSTRUCTIONS
**Deputize service to Dauphin County**

Served and made known to _____

on the _____ day of _____ , _____ , at _____

at _____ , County of _____

Commonwealth of Pennsylvania, in the manner described below:
- ☐ Defendant(s) personally served
- ☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
- ☐ Adult in charge of Defendant's residence who refused to give name or relationship.
- ☐ Agent or person in charge of Defendants's office or usual place of business.
- ☐ _____ an officer of said Defendant company.
- ☐ Other _____

Description    Age:          Height:          Weight:          Race:          Sex:

On the _____ day of _____ , 19 _____ , at _____
Defendant not found because: ☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant ☐ Other

NAME OF SERVER

Sworn to and subscribed before me this
_____ day of _____ 20 _____

_____ being duly sworn according to law, deposes and says that
he/she is process server herein names; and that the facts herein set forth above are
true and correct to the best of their knowledge, information and belief.

Sheriff _____     Process Server/Competent Adult

| Attorney's Name | John Aivazoglou | ATTEST | Metro Filing Services, Inc. |
|---|---|---|---|
| Firm name | Metro Filing Services, Inc. | | PRO PROTHY |
| Address | 317 South 13th Street Philadelphia, Pa 19107 | | 6/30/17 |
| Telephone # | (215) 981-3453     Client #   1124 | | DATE |

1990 Philadelphia Assoc. of Professional ProcessServers Rev 98.1
Metro Filing Services, Inc, founding member.

Case ID: 170603607